UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS A. PICCONE, )
)
Plaintiff )
)
v. ) Civil Action No. 13-30147-MAP
)
TROOPER DICKENSON, et al. )
)
Defendants )

REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFF'S MOTION FOR INDIGENT STATUS (Document No. 2)
March 7, 2014

NEIMAN, U.S.M.J.

Louis Piccone ("Plaintiff"), proceeding *pro se*, has submitted for filing a complaint asserting a number of civil rights claims against a Trooper Dickenson, eleven other individuals (mostly police officers), the Towns of Stockbridge, Great Barrington, Adams, Dalton, and Cheshire and/or their police departments, the Massachusetts State Police, and numerous John and Jane Does. Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*, which application has been referred to this court by District Judge Michael A. Ponsor for consideration. For the reasons set forth below, the court will recommend that the application be denied.[1]

1.

First, although Plaintiff has filed an affidavit in which he claims to have little if any

[1] Although Plaintiff proceeds in this matter *pro se*, he is assertedly admitted to the practice of law in Pennsylvania. His frequent *pro se* status, either as a party or as an attorney wishing to be admitted *pro hac vice,* is described in detail in *Pease v. Burns*, 679 F. Supp. 2d 161 (D. Mass. 2010). *See also Katz v. McVeigh*, 2012 WL 1379647 (D. N.H. Apr. 20, 2012).

earned income, he does list $6,950 as the average amount of income from real property during the prior twelve months. That is enough, in the court's view, to make him ineligible for *in forma pauperis* status, even with his claimed expenses. Yet even if Plaintiff's affidavit is somehow in error with respect to his monthly rental income (it being more likely yearly income), his motion for indigent status raises other concerns about accuracy, namely, his assertion that "Judge Wolfe [sic] of this Court recently approved Plaintiff's indigent status in the matter styled '*Piccone et al. v. McClean* [sic] *et al.*, Docket No. 09-cv-30146-MAP." There is a tale behind that representation which is not as benign as Plaintiff would have it appear.

The (more accurately spelled) *McClain* matter centered on Plaintiff and his wife's civil rights claims against various employees of the Department of Children and Families ("DCF"), certain residents of Berkshire County, and at least two other defendants who are named in the instant action as well, John Bartels (Chief of Police of the Dalton Police Department) and the Town of Dalton (together, "Town Defendants"). *(Piccone v. McClain*, Civil Action No. 09-30146-MAP, Complaint (Document No. 1).) The facts in *McClain* are intertwined with those in the instant matter and relate to at least one other case as well involving Plaintiff's sister. (See *Piccone v. Bartels*, Civil Action No. 11-10143-MLW.) Upon motion in *McClain*, Judge Ponsor, to whom the matter was then assigned, dismissed the DCF defendants from the case (see Document No. 41), whereupon the case proceeded against the Town Defendants and Richard Smith, a Massachusetts State Police Officer, under the management of this court. At some point

in time, after Plaintiff's second attorney withdrew and after too many discovery disputes to list here, this court ordered Plaintiff to pay the Town Defendants $499.50 as a sanction, in lieu of dismissal, for his repeated failure to comply with the court's orders. When Plaintiff failed to pay the sanction, the court recommended to Chief Judge Mark L. Wolf, to whom the case had been transferred, that a default judgment enter in favor of the Town Defendants with respect to all of Plaintiff's claims. (See Report and Recommendation (Document No. 198).) The court was concerned with Plaintiff's failure to pay and his failure to provide any support by way of a sworn financial affidavit and/or the submission of evidence supporting his assertion of "minimum income." (Id.) Thereafter, with great patience, Judge Wolf, on March 20, 2013, gave Plaintiff the opportunity to prove his indigency (Document No. 204), all to no avail. *Piccone v. McClain*, 2013 WL 1180952 (D. Mass. Mar. 22, 2013). On April 23, 2013, Judge Wolf dismissed the case against the Town Defendants. *Piccone v. McClain*, 2013 WL 1763272 (D. Mass. Apr. 23, 2013).[2]

Plaintiff appealed the dismissal and filed a motion for leave to proceed *in forma pauperis .* As Plaintiff represents in his instant Motion for Indigent Status, Judge Wolf allowed the motion. What Plaintiff does not reveal, however, is Judge Wolf's caveat that his allowance "should not be misinterpreted to suggest that the court has now found that Mr. Piccone was unable to pay the sanction as ordered." (Document No. 214.) Judge

[2] Trooper Smith was separately dismissed by Judge Wolf as a defendant on March 22, 2013, also upon recommendation of this court. (See Document Nos. 179 and 204.)

Wolf also stated that

> [i]t should also not be misconstrued to suggest that the court has now found that the affidavit filed in support of the Motion, which was previously filed in this court in response to the March 20, 2013 Memorandum and Order, is sufficient to comply with that Memorandum and Order. In essence, the court's decision to allow plaintiffs to proceed on appeal *in forma pauperis* does not alter or qualify any of the reasoning in the March 20, 2013 Memorandum and Order or the April 23, 2013 Memorandum and Order.

(Id. at 2.) In any event, Plaintiff's appeal was subsequently dismissed when, after being warned by the Court of Appeals, he failed to file an opening brief. *Piccone v. McClain* (1st Cir. No. 13-1627) Judgment (September 25, 2013).

2.

Even if Plaintiff is financially eligible to proceed *in forma pauperis* in the instant matter (assuming his affidavit is in error), the court believes, second, that his failure to pay the sanction imposed in *McClain* is reason enough to deny his application here. As suggested by Magistrate Judge Hagopian of the District Court for the District of Rhode Island, "[c]ourts have inherent power to dismiss actions for nonpayment of costs in prior actions, and this power also extends as here, to a litigant's failure to pay previously imposed sanctions." *D'Amario v. Russo*, 1996 WL 666766, at *3 (D. R.I. Nov. 12, 1996) (citing *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993), and *Hacopian v. United States Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983)).

In *D'Amario*, the plaintiff, who similarly failed to comply with court orders requiring the payment of sanctions, sought relief from judgment in a matter which itself followed

prior related actions in both state and federal court. As is true here, a number of the plaintiff's prior cases, many of which had a "commonality of facts," had also been dismissed for lack of compliance with court orders. *Id.* The court concluded that the plaintiff's disobedience of prior orders was "an acceptable basis for dismissal of subsequent motions by [him]." *Id.* "Courts cannot function," the court explained, "if litigants may, with impunity, disobey lawful orders. It follows that the process of a court may not be abused without accountability in the future." *Id.* at *4 (citing *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2nd Cir. 1985)).

This same reasoning applies here. Granted, unlike the situation in *D'Amario*, Plaintiff's unpaid sanction arose in a prior, not the same, case, but that is of little consequence. *See Holden v. Ill. Tool Works, Inc.*, 2009 WL 3190468 (S.D. Tex. Sept. 28, 2009) (dismissing action for nonpayment of costs from previous lawsuit) (citing cases). Both the *McClain* case and the instant matter arise out of the same set of facts, namely, Plaintiff's investigation by the DCF and the related role of law enforcement personnel. More to the point, the unpaid sanction imposed in *McClain* was payable to the Town Defendants, *i.e.*, Bartels and the Town of Dalton, two of the defendants in the instant matter.

In essence, then, Plaintiff presently seeks to commence a lawsuit against the Town Defendants without paying any mind to the sanction he failed to pay. The court ought not countenance such behavior, let alone permit Plaintiff to proceed here on the taxpayers' dime. Rule 41(d) does not allow such an approach when a plaintiff

voluntarily dismisses an action, and many "[c]ourts reason that the extension of Rule 41(d) to involuntary dismissals serves the same goal of protecting defendants from the harassment of repeated lawsuits." *Rohler v. Rolls Royce N. Amer., Inc.*, 2013 WL 6842544, at *1 (S.D. Ind. Dec. 27, 2013); *see also Hacopian*, 709 F.2d at 1296 ("Courts have consistently found the power to dismiss an action for nonpayment of costs in a prior action to be part of the inherent power of the courts.") (citing *Henderson v. Griffin*, 30 U.S. 151 (5 Pet. 1831)).

3.

Third, it must be understood that the instant complaint is, in the main, indistinguishable from yet another prior complaint filed by Plaintiff and ultimately dismissed by Judge Ponsor, *Piccone v. Dickenson, et al.*, Civil Action No. 12-30127-MAP. The instant complaint is, in essence, a photocopy of the prior complaint, as amended, albeit with about nine *fewer* counts. To be sure, the instant complaint does name as additional defendants the Town of Cheshire and its Police Department, together with a Cheshire Officer John Doe #11, and adds two "incidents" to the nine previously described. No count, however, specifically targets the added defendants and the five counts here are the exact same as five of the fourteen counts in the prior complaint. For all intents and purposes, then, the instant complaint is simply a copy of the prior complaint, right down to Plaintiff's odd assertion that "[v]enue is proper in the District of Iowa."

Most importantly for present purposes, the previous case was dismissed by

Judge Ponsor on June 10, 2013, when he adopted this court's Report and Recommendation that the defendants' motions to dismiss be granted and that Patrick Amoso also be dismissed as a defendant *sua sponte*. *Piccone v. Dickinson*, 2013 WL 2631317 (D. Mass. June 10, 2013). When adopting the recommendation, Judge Ponsor noted that Plaintiff had filed no objection. Despite all that, Plaintiff had the nerve to file the instant action two months later. Thus, even were the court otherwise prepared to grant Plaintiff leave to proceed *in forma pauperis*, the complaint ought to be summarily dismissed pursuant to the *in forma pauperis* statute as either frivolous of failing to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). First, *res judiciata* clearly precludes Plaintiff from attempting to re-litigate a nearly identical action that was previously dismissed on its merits. *See SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28, 36 (1st Cir. 2008). Second, even if the complaint could survive this procedural hurdle, Plaintiff has again failed to state claims upon which relief may be granted insofar as Defendants' merits-based arguments in their earlier motions are equally applicable here. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Granted, there are purportedly three additional Defendants in the instant action, which could possibly offset *res judicata* dismissal; but, as described, there are no counts in which these additional defendants are specifically named and it ought not be the court's

burden to parse Plaintiff's complaint any further.[4]

## IV. CONCLUSION

For the reasons stated, the court recommends that Plaintiff's Motion for Indigent Status be DENIED.[5]

DATED: March 7, 2014

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[4] This would not be the first time Plaintiff has been involved in an attempt to file a duplicative complaint. *See Babeu v. Linker*, Civil Action No. 08-30127-MAP and *Babeu v. Linker*, Civil Action No. 09-30045-MAP (discussed in *Pease*, 679 F. Supp. 2d at 162-63).

[5] Plaintiff is advised that under the provisions of FED. R. CIV. P. 72(b) or FED. R. CRIM. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).